UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **YASEEN SAEED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1699** |
| **BASSAM SAEED, ET AL.** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Plaintiff Yaseen Saeed's Motion for a Temporary Restraining Order.[1] Plaintiff filed a Complaint in this Court against twelve named defendants: Bassam Saeed, Almuntasir Saleh, Husam Nasher, Yahya Qahtan, Fadhie Mohsen, Haithuem Shalni, Riyard Shaibi, Ali Albussaisi, Saleh Ayed Saeed, Adnan Obaid, and Taha Aloqai.[2] Plaintiff brings claims for breach of contract, fraudulent misrepresentation, civil conspiracy, tortious interference with a contract, and unjust enrichment.[3] Plaintiff is seeking damages in excess of $8,000,000.[4]

In the instant motion, Plaintiff and Defendant Bassam Saeed jointly request that the Court issue a temporary restraining order and preliminary injunction.[5] The motion states that Shaibi Chicago Holdings LLC, an entity created by Bassam Saeed, agreed to purchase property in Park Forest, Illinois, using company and partnership funds under the authority of Plaintiff.[6] According to the motion, the sellers of the property are Scott Ketchum, Park Scott LLC, and Mallory

---

[1] Rec. Doc. 36.

[2] Rec. Doc. 8.

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. 36.

[6] *Id.* at 1–2.

1

Ketchum.[7] The motion requests an order freezing the property from sale, freezing all escrow, enforcing asset preservation as agreed to by Bassam Saeed, authorizing audits and inspections, and requiring written confirmations by January 10, 2026.[8]

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. In order to obtain a temporary restraining order, a plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[9] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[10] the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[11] If a plaintiff fails to carry its burden as to any one of these factors, injunctive relief cannot be granted.[12] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[13] This Order serves as the Court's

---

[7] *Id.* at 1.

[8] *Id.* at 2.

[9] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[10] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007).

[11] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

[12] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[13] Fed. R. Civ. P. 52(a)(1), (2).

findings of fact and conclusions of law.

As an initial matter, the Court notes that Defendants Fadhle Mohsen, Yahya Qahtan, and Adnan Obaid have filed motions to dismiss, which are set for submission on January 7, 2026 and January 21, 2026.[14] In the motions, Defendants raise lack of personal jurisdiction and lack of subject matter jurisdiction. Defendant Yahya Qahtan asserts that the Court does not have subject matter jurisdiction over this matter because both he and Plaintiff are citizens of Louisiana.[15] To date, Plaintiff has not responded to these motions. Therefore, it is unclear whether the Court even has jurisdiction over this matter. Without jurisdiction, this Court cannot issue a merits decision in Plaintiff's favor.[16] The jurisdictional issues must be resolved before the Court could grant injunctive relief in favor of Plaintiff.

Additionally, Plaintiff provides no information on his likelihood of success on the merits of his claims. It is unclear who Plaintiff is even seeking to enjoin. He requests that the sale of the property be frozen, but the sellers of the property are not named as defendants in this case. Moreover, Plaintiff has not shown that failure to grant the injunction will result in irreparable injury, that the threatened injury outweighs any damage that the injunction will cause to the adverse party, or that the injunction will not do disservice to the public interest. Therefore, Plaintiff has not met his burden on any of the four elements for a temporary restraining order.

Accordingly,

---

[14] Rec. Docs. 21, 32, 35.

[15] Rec. Doc. 32.

[16] *Jones v. Sheppard*, No. 22-490, 2022 WL 2064884, at *2 (N.D. Tex. June 8, 2022).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order[17] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  2nd  day of January, 2026.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[17] Rec. Doc. 36.