**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**YASEEN SAEED**                                         **CIVIL ACTION**

**VERSUS**                                               **NO. 25-1699**

**BASSAM SAEED, ET AL.**                                 **SECTION: "G"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant Yahya Qahtan's ("Qahtan") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss.[1] Also pending before the Court is Plaintiff Yaseen Saeed's ("Plaintiff") "Motion to Request Federal Review of Potential Fraud Against the United States Government, to Add Related Claims, and for a Hearing."[2]

Plaintiff, who is proceeding *pro se*, filed a Complaint in this Court against thirteen named defendants: Bassam Saeed, Ali Kassim, Hair Galleria, Almuntasir Saleh, Husam Nasher, Yahya Qahtan, Fadhle Mohsen, Haithuem Shaibi, Riyad Shaibi, Ali Albussaisi, Saleh Ayed Saeed, Adnan Obaid, and Taha Aloqai.[3] Plaintiff brings claims for breach of contract, fraudulent misrepresentation, civil conspiracy, tortious interference with a contract, and unjust enrichment.[4] Plaintiff is seeking damages in excess of $8,000,000.[5]

---

[1] Rec. Doc. 32.

[2] Rec. Doc. 25.

[3] Rec. Doc. 8.

[4] *Id.*

[5] *Id.*

In the motion to dismiss, Qahtan argues that the Court does not have subject matter jurisdiction over this case because both Plaintiff and Qahtan are citizens of Louisiana.[6] The instant motion was filed on December 17, 2025, and set for submission on January 21, 2026. Plaintiff has not filed a response to the motion. Therefore, the motion is deemed unopposed.

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[7] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[8] In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[9] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[10]

The only basis for jurisdiction listed in the Complaint is diversity jurisdiction.[11] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The Complaint alleges that the amount in controversy exceeds $75,000 and that the case

---

[6] Rec. Doc. 32.

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[8] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted).

[9] *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[10] *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

[11] Rec. Doc. 8 at 1.

is between citizens of different states.[12] However, Plaintiff does not allege either his citizenship or the citizenship of any of the twelve named defendants.[13]

In *Coury v. Prot*, the Fifth Circuit laid out the framework for determining citizenship of natural persons in §1332 diversity cases:

> The fourteenth amendment to the Constitution provides that: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." United States Const. amend. XIV, § 1. However, "reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state.[14]

Therefore, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[15] To determine a litigant's domicile, courts consider many factors including "where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."[16] While the court should consider where the litigant claims to be domiciled, his assertion is "entitled to little weight if it conflicts with the objective facts."[17]

In the motion to dismiss, Qahtan asserts that both he and Plaintiff are citizens of Louisiana. Plaintiff has not responded to the motion or set forth any facts to meet his burden of proving

---

[12] *Id.*

[13] *Id.*

[14] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[15] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[16] *Coury*, 85 F.3d at 251.

[17] *Id.*

diversity jurisdiction by a preponderance of the evidence.[18] The Complaint makes one vague reference to alleged "violations of U.S. law."[19] To invoke federal question jurisdiction, "[t]he plaintiff need not specifically cite a federal provision such as Section 1983, but he must allege facts sufficient to establish a colorable issue of federal law."[20] Plaintiff has not plead any facts sufficient to establish a colorable issue of federal law.

In the "Motion to Request Federal Review of Potential Fraud Against the United States Government, to Add Related Claims, and for a Hearing" Plaintiff references the False Claims Act, and he requests that the Court refer his case the United States Attorney's Office for review of potential fraud.[21] It appears Plaintiff is requesting leave to amend the Complaint to allege a claim under the False Claims Act.

The False Claims Act creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment made by the government.[22] The Attorney General pursues such actions on behalf of the government.[23] Alternatively, under the statute's "qui tam" provisions, private whistleblowers who have evidence of fraud against the United States may

---

[18] Plaintiff has not responded to the instant motion to dismiss. Two other named defendants, Fadhle Mohsen and Adnan Obaid, have filed motions to dismiss for lack of personal jurisdiction. Rec. Docs. 21, 35. In response to those motions, Plaintiff filed a motion requesting jurisdictional discovery from Fadhle Mohsen and Adnan Obaid. Rec. Doc. 43. The Court need not reach those issues because Plaintiff has not established subject matter jurisdiction over this case.

[19] Rec. Doc. 8 at 1.

[20] *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

[21] Rec. Doc. 25.

[22] 31 U.S.C. § 3729.

[23] *Id.* § 3730(a).

assert a claim on the government's behalf.[24] A cause of action under the False Claims Act consists of four elements: (1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due.[25]

Neither the Complaint nor any of Plaintiff's subsequent filings reference any false statement or fraudulent course of conduct that caused the government to pay out money or to forfeit moneys due. The Complaint makes general allegations of fraud perpetrated against Plaintiff, a state law tort, which would not be cognizable under the False Claims Act. Moreover, courts have consistently held that a private person proceeding *pro se* cannot pursue a qui tam action on behalf of the United States.[26] For these reasons, allowing Plaintiff to amend the Complaint to allege a violation of the False Claims Act would be futile.[27]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Yahya Qahtan's Rule 12(b)(1) Motion to Dismiss[28] is **GRANTED.** The above-captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[24] *Id.* § 3730(b).

[25] *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (internal citation omitted).

[26] *Sealed v. Sealed*, No. 6:22-CV-00438-JCB, 2023 WL 6167150, at *2 (E.D. Tex. July 25, 2023), *report and recommendation adopted sub nom. Brown v. Alixa-RX*, No. 6:22-CV-00438, 2023 WL 6162745 (E.D. Tex. Sept. 21, 2023).

[27] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

[28] Rec. Doc. 32.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Request Federal Review of Potential Fraud Against the United States Government, to Add Related Claims, and for a Hearing"[29] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  23rd  day of January, 2026.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[29] Rec. Doc. 25.