**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **YASEEN SAEED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1699** |
| **BASSAM SAEED, ET AL.** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Before the Court are Plaintiff Yaseen Saeed's ("Plaintiff") Motions for Reconsideration,[1] Motion for Extension of Time to File Amended Complaint,[2] Motion to Add the United States Government as Defendant,[3] Motion to Alter Judgment,[4] and Motion for Relief from Judgment.[5]

Plaintiff, who is proceeding *pro se*, filed a Complaint in this Court against thirteen named defendants: Bassam Saeed, Ali Kassim, Hair Galleria, Almuntasir Saleh, Husam Nasher, Yahya Qahtan, Fadhle Mohsen, Haithuem Shaibi, Riyad Shaibi, Ali Albussaisi, Saleh Ayed Saeed, Adnan Obaid, and Taha Aloqai.[6] Plaintiff brings claims for breach of contract, fraudulent misrepresentation, civil conspiracy, tortious interference with a contract, and unjust enrichment.[7] Plaintiff is seeking damages in excess of $8,000,000.[8]

---

[1] Rec. Docs. 54, 55, 58.

[2] Rec. Doc. 56.

[3] Rec. Doc. 57.

[4] Rec. Doc. 60.

[5] Rec. Doc. 61.

[6] Rec. Doc. 8.

[7] *Id.*

[8] *Id.*

On January 23, 2026, the Court granted Defendant Yahya Qahtan's Motion to Dismiss for Lack of Jurisdiction and denied Plaintiff's "Motion to Request Federal Review of Potential Fraud Against the United States Government, to Add Related Claims, and for a Hearing."[9] In that Order the Court held that Plaintiff had not met his burden of proving by a preponderance of the evidence that this Court has diversity jurisdiction over this matter.[10] Further, the Court held that "Plaintiff has not plead any facts sufficient to establish a colorable issue of federal law."[11] Accordingly, on January 27, 2026, the Court entered final judgment in this matter, dismissing all claims without prejudice for lack of jurisdiction.[12] Plaintiff now seeks reconsideration of that ruling.

A motion for reconsideration is "'not the proper vehicle for rehashing evidence, legal theories, or arguments.'"[13] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[14] "It is well settled that [such motions] should not be used . . . to re-urge matters that have already been advanced by a party."[15]

In the motions for reconsideration, Plaintiff asserts that the Court should not have considered Qahtan's motion to dismiss because it was filed six days after his responsive pleadings

---

[9] Rec. Docs. 25, 32, 52.

[10] Rec. Doc. 52. Qahtan alleges that both he and Plaintiff are citizens of Louisiana, and therefore not diverse.

[11] *Id.*

[12] Rec. Doc. 53.

[13] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).

[14] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[15] *Helena Labs. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

were due.[16] Plaintiff is correct that because Qahtan was served with the Complaint on November 20, 2025, responsive pleadings were due on December 11, 2025.[17] However, a Rule 12(b)(1) motion for lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[18] Even if the Court disregarded Qahtan's motion, it would have needed to address subject matter jurisdiction *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[19] "[S]ubject matter delineations must be policed by the courts on their own initiative."[20] The Court must dismiss an action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[21] Further, none of Plaintiff's motions for reconsideration attempt to cure the jurisdictional deficiency of failing to allege the citizenship of himself or any party named as a defendant in the Complaint.[22]

Turning to Plaintiff's Motion for Relief from Judgment[23] and Motion to Alter or Amend Judgment,[24] Plaintiff alleges that the Court overlooked the fact that he has substantial ties to

---

[16] Rec. Docs. 25, 32, 52.

[17] Plaintiff did not file a motion for entry of default.

[18] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

[19] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[20] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[21] 28 U.S.C. § 1447(c).

[22] Rec. Docs. 8, 25, 32, 52.

[23] Rec. Doc. 61.

[24] Rec. Doc. 60.

California, and the other "Defendants reside in California."[25] Plaintiff appears to be suggesting that he should be considered a citizen of California and is therefore diverse from Qahtan, who is a Louisiana citizen.[26] However, even if the Court took this assertion as truth, Plaintiff still has not met his burden of proving that this Court has diversity jurisdiction, because Plaintiff would then lack diversity with the California Defendants.

Shifting focus to Plaintiff's Motion to Add the United States Government as Defendant, Plaintiff contends that various federal agencies "failed to act on Plaintiff's submitted fraud reports," therefore he seeks to add the United States Government as a Defendant in an Amended Complaint.[27] Plaintiff fails to cite any authority which would permit claims against the United States Government under the facts alleged, likewise the Court has been unable to locate legal authority supporting Plaintiff's contention.

Finally, turning to Plaintiff's Motion for Extension of Time to File Amended Complaint and to Gather Evidence, Plaintiff requests 90 days to gather evidence and address jurisdictional deficiencies.[28] Plaintiff raised this request for additional time *after* the Court dismissed this case without prejudice for lack of subject matter jurisdiction.[29] Plaintiff still does not present any information to show that there is complete diversity among the parties or that there is a federal question at issue. If Plaintiff later uncovers evidence to support federal jurisdiction, he is free to file a new complaint concerning the underlying controversy.

---

[25] Rec. Docs. 60, 61.

[26] *Id.*

[27] Rec. Doc. 57.

[28] Rec. Doc. 56.

[29] Rec. Doc. 53.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Reconsideration,[30] Motion for Extension of Time to File Amended Complaint,[31] Motion to Add the United States Government as Defendant,[32] Motion to Alter Judgment,[33] and Motion for Relief from Judgment[34] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 3rd day of March, 2026.

Nannette Jolivette Brown
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[30] Rec. Docs. 54, 55, 58.

[31] Rec. Doc. 56.

[32] Rec. Doc. 57.

[33] Rec. Doc. 60.

[34] Rec. Doc. 61.